# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION (DAYTON)

| | | |
|---|---|---|
| S.H., MINOR, BY AND THROUGH HIS PARENTS AND LEGAL GUARDIANS, *et al.*, | : : : : | Case No. 3:25-cv-00034 |
| Plaintiffs, | : : | District Judge Michael J. Newman Magistrate Judge Caroline H. Gentry |
| vs. | : : | |
| O'REILLY AUTO PARTS, *et al.*, | : : | |
| Defendants. | : | |

## NOTICE OF DEFICIENCY AND SHOW CAUSE ORDER

This case was recently removed from the Court of Common Pleas for Clark County, Ohio, to this Court. The Complaint alleges that Plaintiff S.H. suffered severe and permanent injuries when, while or after shopping at an O'Reilly Auto Parts store in Springfield, a rotor fell out of a box and hit S.H. on the foot. (Doc. No. 7, ¶¶ 1, 5-6.)

One defendant filed the Notice of Removal—O'Reilly Auto Enterprises, LLC, dba O'Reilly Auto Parts. (*See* Doc. No. 1; *see also* Answer, Doc. No. 3 at ¶ 5 ["O'Reilly Auto Parts is a trade name and not the proper party defendant. The correct defendant is O'Reilly Auto Enterprises, LLC."[1]].) This Order will refer to the removing party as "Defendant O'Reilly Auto."

---

[1] In the first paragraph of the Notice, this party is named as "O'Reilly Enterprises, LLC, dba O'Reilly Auto Parts," which appears to be a scrivener's error.

Upon an initial review of the documents, it is not clear that this Court has jurisdiction. "It is well established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute, which is not to be expanded by judicial decree." *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003) (cleaned up). This Court has a duty to review *sua sponte* whether subject matter jurisdiction exists in each case before it. *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) ("Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it."). *See also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

As relevant here, federal district courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). The plaintiffs and defendants must be completely diverse, as "diversity jurisdiction does not exist unless each defendant is a citizen of a different State from each plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). In a removal case, the burden to show that the Court has jurisdiction is on the removing defendant(s). *Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 757 (6th Cir. 2000).

The Complaint in this case lists three plaintiffs and several defendants. (*See* Doc. No. 2-1, hereinafter "Complaint".) Plaintiffs are S.H. (a minor) and his two parents. Defendants are named as follows:

> O'REILLY AUTO PARTS
> 1411 PARKER COURT
> SPRINGFIELD, OH 45504
>
> and
>
> O'REILLY AUTO PARTS
> c/o JEREMY FLETCHER
> P.O. BOX 1156
> SPRINGFIELD, MO 65801
>
> and

> JOHN DOES 1 THROUGH 5, INCLUSIVE, DEFENDANTS WHOSE NAMES AND ADDRESSES ARE UNKNOWN TO THE PLAINTIFF AT THIS TIME
>
> and
>
> JOHN DOE CORPORATIONS 1 THROUGH 5, INCLUSIVE, DEFENDANTS WHOSE NAMES AND ADDRESSES ARE UNKNOWN TO THE PLAINTIFF AT THIS TIME
>
> Defendants.

(Complaint, PageID 30-31.)

The individual John Does 1-5 are described as

persons, and/or entities, including but not limited to, employees, agents, servants and/or representatives who, <u>while in the course and scope of their employment with the named Defendants herein stocked and/or maintained the boxes at the O'Reilly Auto Parts</u> located at 1411 Parker Court, in the City of Springfield, Clerk County, Ohio, on the date mentioned herein, and whose names and addresses the Plaintiff does not know and has been unable to presently ascertain despite due diligence.

3

(Complaint, ¶ 1 [emphasis added].) The John Doe corporations are described as:

> companies, and/or entities that <u>own, control, maintain the property</u> located 1411 Parker Court, in the City of Springfield, Clark County, Ohio <u>and/or designed, erected, and/or maintained the boxes at the O'Reilly Auto Parts</u> located at 1411 Parker Court, in the City of Springfield, Clark County, Ohio, on the date mentioned herein, and whose names and addresses the Plaintiff does not know and has been unable to presently ascertain despite due diligence.

(*Id*. at ¶ 2 [emphasis added].) The docket does not reflect that the Doe Defendants have been identified.

The Court **ORDERS** Defendant O'Reilly Auto to address two issues.

### Citizenship Disclosure Statement

Defendant O'Reilly Auto has not filed the disclosure statement required by Federal Rule of Civil Procedure 7.1(a)(2). The rule requires a party to file "when the action is filed in or removed to federal court" where the district court is alleged to have diversity jurisdiction. *Id*. Of particular importance here, parties who are LLCs must identify the citizenship of all members and sub-members. *Delay v. Rosenthal Collins Grp., Inc.*, 585 F.3d 1003, 1005 (6th Cir. 2009) ("When diversity jurisdiction is invoked in a case in which a limited liability company is a party, the court needs to know the citizenship of each member of the company" as well as the citizenship of each sub-member).

Defendant O'Reilly Auto is **ORDERED** to file a disclosure statement **within twenty-one (21) days** of the date this Order is filed. Plaintiffs are also **ORDERED** to file such a statement disclosing their citizenship, **within twenty-one (21) days**. A sample

4

"Citizenship Disclosure Statement" is available on the Court's website. *See* https://www.ohsd.uscourts.gov/ohio-southern-district-forms (last visited March 17, 2025).

## Amount in Controversy

As noted, under Section 1332(a), federal district courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." Where a case is removed from state court based on diversity jurisdiction, the defendant bears the burden of pleading and proving that the amount in controversy requirement is met. *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572 (6th Cir. 2001); *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549 (6th Cir. 2006).

Typically, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2). But where State law "permits recovery of damages in excess of the amount demanded," then the notice of removal may specify the amount in controversy. 28 U.S.C. § 1446(c)(2)(A). In such a case, the removing defendant must also prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. 28 U.S.C. § 1446(c)(2)(B); *Hayes*, 266 F.3d at 572. A defendant may rely upon a "fair reading" of the complaint and other evidence to meet this burden. *Id*. at 573.

The Notice of Removal in this case addresses the amount in controversy in a cursory and conclusory way. It states only that: "The matter in controversy exceeds

5

$75,000, exclusive of interest and costs. The complaint states that the plaintiff is seeking unspecified compensatory damages in excess of $25,000.00." (Doc. No. 1 at PageID 2.) Indeed, the Complaint does "demand[] judgment against the Defendants, jointly and severally in an amount exceeding Twenty-Five Thousand Dollars ($25,000.00), together with interest, and costs of this action." (Complaint, Doc. No. 2-1 at PageID 34.) But Defendant O'Reilly Auto's basis for asserting that "over $25,000" means "over $75,000" is not apparent. It must prove by a preponderance of the evidence that the amount in controversy requirement is met.

## Summary and Conclusion

Defendant O'Reilly Auto has asserted that this Court has jurisdiction over this removed action based on the complete diversity of the parties' citizenship and the amount in controversy. 28 U.S.C. § 1332(a)(1). But it is unclear that these two requirements are met. The Court therefore **ORDERS** Defendant O'Reilly Auto to file two documents.

First, it must file a disclosure statement under Rule 7.1(a)(2) that identifies the citizenship of all members and sub-members. Second, it must file a response to this Order that addresses the amount in controversy. It must show cause why this case should not be remanded to state court for lack of subject matter jurisdiction. Defendant O'Reilly Auto must file these two documents **within twenty-one (21) days** of this Order.

The Court also **ORDERS** Plaintiffs to file a disclosure statement under Rule 7.1(a)(2) **within twenty-one (21) days** of this Order.

6

In addition, all parties are **ORDERED** to refer to the minor Plaintiff by the initials S.H. and to redact any documents they file that contain his full name. Fed. R. Civ. P. 5.2(a).

**IT IS SO ORDERED.**

                                                  *s/ Caroline H. Gentry*
                                                  Caroline H. Gentry
                                                  United States Magistrate Judge