UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (DAYTON)

| | |
|---|---|
| S.H., MINOR, BY AND THROUGH HIS PARENTS AND LEGAL GUARDIANS, *et al.*, | Case No. 3:25-cv-00034 |
| Plaintiffs, | District Judge Michael J. Newman |
| vs. | Magistrate Judge Caroline H. Gentry |
| O'REILLY AUTO PARTS, *et al.*, | |
| Defendants. | |

# REPORT AND RECOMMENDATION

The undersigned Magistrate Judge issues this Report and Recommendation after reviewing the parties' responses to the undersigned's Show Cause Order (Doc. No. 8). The undersigned concludes that Defendant has not shown, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. The undersigned therefore **RECOMMENDS** that this matter be **REMANDED** to the Common Pleas Court of Clark County, Ohio due to a lack of subject-matter jurisdiction.

I.  **BACKGROUND**

This negligence action arose from an injury that Plaintiff S.H., a minor, allegedly suffered while or after shopping at an O'Reilly Auto Parts store in Springfield, Ohio. Plaintiff S.H. alleges that "[w]hile [he] was loading boxes into his vehicle, a rotor fell out of the box and hit [him] on his foot." (Complaint, Doc. No. 2-1, PageID 33.) Although the caption of the Complaint also lists as Plaintiffs both Seth Harrison "as father and legal

1

guardian" and Lisa Harrison "as mother and legal guardian," these Plaintiffs do not assert claims on their own behalf. (*Id*. at PageID 30-34.) Instead, the Complaint asserts a single claim of negligence on behalf of Plaintiff S.H., who claims that he "suffer[ed] severe and permanent injuries, suffered great pain of body and mind, a loss of enjoyment of life, suffered mental anguish, required medical care and treatment in the past, and will continue to suffer said losses in the future …." (*Id*. at PageID 33-34.) Plaintiff demands judgment in an amount exceeding twenty-five thousand dollars. (*Id*. at PageID 34.)

Defendant O'Reilly Auto Enterprises, LLC, dba O'Reilly Auto Parts timely removed Plaintiff's Complaint to this Court on the basis of diversity jurisdiction. (Redacted Notice of Removal, Doc. No. 1-5.) However, Defendant did not plausibly allege that the $75,000 amount-in-controversy requirement for diversity jurisdiction had been met. *See Dart Cherokee Basin Oper. Co., LLC v. Owens*, 574 U.S. 81 (2014) (holding that when the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal must plausibly allege the requisite amount). Instead, Defendant asserted (without any explanation): "The matter in controversy exceeds $75,000, exclusive of interest and costs. The complaint states that the plaintiff is seeking unspecified compensatory damages in excess of $25,000.00." (Doc. No. 1-5, PageID 36.)

Upon review of the Complaint and Notice of Removal, the undersigned concluded that Defendant did not plausibly assert that the amount-in-controversy requirement was met. Therefore, the Court issued an Order to Show Cause why this matter should not be remanded for lack of subject-matter jurisdiction. (Doc. No. 8.)

2

In response, Defendant cited the nature of the claimed damages (e.g., severe and permanent injuries), Ohio's $250,000 statutory damage cap for noneconomic damages, "photographs of what appear to be an alleged severe injury to the big toe," and plaintiff's interrogatory answer that he has "a permanent scar on the toe." (Jurisdictional Brief, Doc. No. 14, PageID 75-76.) Defendant argued that it "is not required to prove that the *value* of the plaintiffs' claims exceed $75,000.00," but instead "need only demonstrate that the plaintiffs are *seeking* damages in excess of that amount, in order for the amount in controversy to exceed $75,000.00." (*Id*. at PageID 76-77.) Defendant concluded:

> Should the court require further proof of the amount in controversy, which depends solely upon the damages claimed by the plaintiffs, the defendant requests an in-person hearing on the record before the Court, at which the Court and counsel can inquire further of the plaintiffs as to exactly what damages they are claiming here.

(*Id*. at PageID 77.)

The undersigned Magistrate Judge set an evidentiary hearing for September 11, 2025. (Doc. No. 18.) Prior to the hearing, the parties filed a Joint Motion to Cancel Evidentiary Hearing as Moot (Doc. No. 19), which the undersigned granted by notation order. In the Joint Motion to Cancel, the parties stated:

> The plaintiffs' complaint on its face seeks unspecified damages in excess of $25,000.00. (Doc # 1-1). The plaintiffs originally filed their complaint in the Clark County Court of Common Pleas. In that court, there is a rule that when a "party seeks more than twenty-five thousand dollars, the party shall so state in the pleading but shall not specify in the demand for judgment the amount of recovery sought[.]" Ohio Civ.R. 8(A).
>
> The complaint contains claims by three separate plaintiffs, Mr. Seth Harrison, Mrs. Lisa Harrison, and their minor child, S.H.

3

> The parties hereby stipulate that these three plaintiffs are each seeking damages in excess of $25,000 for their separate damage claims. The parties further stipulate that "the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs," as stated in 28 U.S.C. § 1332.

(Doc. No. 19, PageID 110-11.)

## II.  LEGAL STANDARD

"[I]t is well established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute …, which is not to be expanded by judicial decree[.]" *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003) (internal citations omitted). Therefore, this Court has a duty to review *sua sponte* whether subject-matter jurisdiction exists in each case before it. *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) ("Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it."); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

If the Court's subject-matter jurisdiction is uncertain, then this Court must strictly construe the removal statutes and resolve all doubts in favor of remand. *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534 (6th Cir. 1999). This rule "makes sense" because if the Court finds that it lacks jurisdiction at any point of the proceedings (including on appeal), then it must dismiss the case and nullify all proceedings up to that point, "which serves no one's interests." *Total Quality Logistics, LLC v. Franklin*, No. 1:19-cv-266, 2020 U.S. Dist. LEXIS 155757, *8 (S.D. Ohio Aug. 27, 2020) (Cole, D.J.).

4

Under 28 U.S.C. § 1332(a), federal district courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different States." Where, as here, a case is removed from state court based upon diversity jurisdiction, the Sixth Circuit "places a burden on [the removing] defendant … to show by a preponderance of the evidence that the amount in controversy requirement has been met." *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572 (6th Cir. 2001).

If the plaintiff seeks a particular amount of damages in the complaint and has a good-faith basis for doing so, then the defendant's burden is relatively light, as the "sum demanded … shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2). Such reliance is not permitted, however, if it appears to a legal certainty that damages cannot be recovered in that amount. *Rosen v. Chrysler Corp.*, 205 F.3d 918, 921 (6th Cir. 2000) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283 (1937)).

Alternatively, the defendant may state the amount in controversy in its notice of removal if the plaintiff seeks nonmonetary relief or "State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded." 28 U.S.C. § 1446(c)(2)(A). In either circumstance, the removing defendant must ***prove*** by a preponderance of the evidence that the amount-in-controversy requirement has been met. 28 U.S.C. § 1446(c)(2)(B) ("[R]emoval of the action is proper ***on the basis of an amount in controversy asserted under subparagraph (A)*** if the district court finds, ***by the preponderance of the evidence***, that the amount in controversy exceeds" $75,000) (emphasis added).

5

The Court may rely on "reasonable inferences and deductions" when conducting its analysis. *Stern v. First Liberty Ins. Corp.*, 424 F. Supp. 3d 1264, 1269 (S.D. Fla. Jan. 24, 2020). But the Court is not bound by, and should not defer to, a plaintiff's estimation of his damages when determining whether the amount-in-controversy requirement is met. *E.g., Graves v. Standard Ins. Co.*, No. 18-5449, 2019 U.S. App. LEXIS 27526, *8-9 (6th Cir. Sept. 11, 2019) ("Despite Graves' statement under oath that the value of her claims was 'at least $883,000,' we conclude that the district court clearly erred in finding that the amount in controversy more likely than not was more than $75,000 at the time of removal"); *Stern*, 424 F. Supp. 3d at 1269 ("[T]he district court is not bound by the plaintiff's representations regarding its claim and may review the record for evidence relevant to the amount in controversy") (internal quotations and citations omitted).

Similarly, parties cannot establish the existence of diversity jurisdiction merely by stipulating that the amount-in-controversy requirement is met. "No action of the parties can confer subject-matter jurisdiction upon a federal court." *Ahghazali v. Sec. of Health & Human Servs.*, 867 F.2d 921, 927 (6th Cir. 1989) (quoting *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982)). If, however, parties stipulate to ***facts*** that demonstrate the existence of subject-matter jurisdiction, the Court may rely on such stipulations. *Id.* at 927 ("There is … a distinction between attempting to confer jurisdiction and entering 'a stipulation to a fact which serves to establish federal jurisdiction.'") (quoting *U.S. v. Anderson*, 503 F.2d 420, 422 (6th Cir. 1974)).

### III. ANALYSIS

The undersigned concludes that Defendant has not met its burden of proving that the amount-in-controversy requirement has been met. Therefore, the undersigned recommends that District Judge Newman remand this matter to state court for lack of subject-matter jurisdiction.

The Court will first address Defendant's argument that the ***value*** of Plaintiffs' claims is irrelevant, as it need only establish that Plaintiffs ***seek*** more than $75,000. In the circumstances of this case, Defendant's argument is incorrect. It is true that if a plaintiff pleads an amount of damages in the complaint that exceeds $75,000 and has a good-faith basis for doing so, then such an allegation will likely satisfy the amount-in-controversy requirement. 28 U.S.C. § 1446(c)(2). In this case, however, Plaintiffs did not plead an amount of damages that exceeds $75,000. Instead, because the practice in Ohio state court limits plaintiffs to seeking damages in excess of $25,000, Defendant was permitted to allege the amount in controversy in the notice of removal. 28 U.S.C. § 1446(c)(2)(A)). When this removal procedure is utilized, the Court must find ***by a preponderance of the evidence*** that the amount-in-controversy requirement is met. 28 U.S.C. § 1446(c)(2)(B).

Therefore, the Court turns to the evidence, which is sparse. Defendant represents that Plaintiffs provided photographs of a seriously injured big toe, and that Plaintiff S.H. stated in an interrogatory answer that he will have a permanent scar. These asserted facts do not prove that it is likely, rather than merely possible, that the amount in controversy exceeds $75,000. *See Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 829 (6th Cir. 2006)

7

(defendants "must do more than show a mere possibility that the jurisdictional amount is satisfied").

Defendant also relies on Plaintiff's request to recover damages for a severe and permanent injury to argue that the nature of the claimed damages shows that the amount-in-controversy requirement is met. But vague and boilerplate allegations of injury are insufficient. *See Diaz v. Allstate Northbrook Indem. Co.*, 2022 U.S. Dist. LEXIS 159626, *15 (S.D. Cal. Sept. 2, 2022) (holding that plaintiff's complaint was not removable where noneconomic damages were only generally pled and omitted supporting details).

Next, Defendant argues that Ohio's statutory cap for noneconomic damages shows that the amount-in-controversy requirement is met. But Ohio's statutory damage cap is exactly that: a cap on damages. It sets a ceiling, not a floor. It limits Plaintiffs' potential recovery by limiting noneconomic damages to a maximum amount. It does not guarantee a minimum amount or entitle Plaintiffs to recover the capped amount of noneconomic damages. Unlike laws that establish statutory damages—which can entitle a plaintiff to a minimum amount of damages—damage caps are of little relevance to the amount-in-controversy requirement. *See Steuerwald v. ExamWorks, LLC*, No. 1:23-cv-215, 2023 U.S. Dist. LEXIS 78640, *6 (W.D. Tex. May 4, 2023) (rejecting a similar argument and noting that the cited Texas law "sets a cap, not a minimum, for punitive damages").

Defendant also relies on the parties' stipulation that Plaintiffs seek damages in excess of $75,000. But it is well-established that parties cannot stipulate to the existence of subject-matter jurisdiction. *Ahghazali*, 867 F.2d at 927 (internal quotations and citation omitted). Although parties can stipulate to the existence of jurisdictional facts, they have

8

not done so here. To the contrary, the parties "do not stipulate to any particular value of the claims." (Doc. No. 19, PageID 111.)

Finally, Defendant argues that each of the three Plaintiffs seeks damages in excess of $25,000, and that the total amount sought therefore exceeds $75,000. A fair reading of the Complaint does not support this assertion. Neither parent has asserted their own claim for damages (such as for loss of consortium), pled a factual basis for asserting such a claim, or sought damages on their own behalf. Instead, the parents appear to be named as Plaintiffs solely in their capacities as a parent and legal guardian of Plaintiff S.H., who asserts a single claim for negligence. There is no basis for concluding that either parent has incurred (or seeks) damages in excess of $25,000.

For all these reasons, the undersigned concludes that Defendant has not proven, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. Moreover, if there is any doubt as to whether the Court has subject-matter jurisdiction—and the undersigned finds that there is ample doubt in this case—then the proper course of action is to remand the action to state court. *Brierly*, 184 F.3d at 534; *Total Quality Logistics, LLC*, 2020 U.S. Dist. LEXIS 155757, *8.

Accordingly, the undersigned **RECOMMENDS** that the Court **REMAND** this matter to the Court of Common Pleas of Clark County, Ohio.

    **IT IS SO RECOMMENDED.**

    */s/ Caroline H. Gentry*
Caroline H. Gentry
United States Magistrate Judge

Procedure On Objections

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days if this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).